Shaw, C. J.
This is an action of assumpsit on a promissory note given to the plaintiff’s predecessor, as treasurer of a parish. Such an action, in the name of a successor, being given by the Rev. Sts. c. 100, § 25, the first exception of the defendant, being an objection to the plaintiff’s right to maintain an action, is waived. See Packard v. Nye, 2 Met. 47.
But the principal ground, on which the defendant relies to set aside the verdict is, that the attesting witness, whose deposition was offered by the plaintiff, did not state, explicitly, whether the attestation of the note was in his hand writing, and therefore other evidence of the defendant’s hand writing was not admissible. But it appears to us, that both the position and the inference drawn from it are ill founded. The witness was not asked whether the attestation was in his hand writing, but whether, in point of fact, he attested the signature of the note. This was an appeal to his memory, and he properly answered, if the fact was so, that he did not recollect signing it, or seeing it executed. If he had been under examination, viva voce, as a witness, he would probably have then been asked, whether the attestation was in his hand writing; but the question was not put to him in that form, in the deposition. It is said however, *469 that it was necessarily implied in the question ; but if so, we think that, by a reasonable implication, it was answered. When he looks at the writing, and in reference to that and the other circumstances of time, place, and the persons concerned, he says he might have done it, he says, by a reasonable implication, it may be his hand writing, and that all the other circumstances are consistent with that fact. If it was not in his hand writing, and he knew it, or intended to deny that it was his hand writing, he could not honestly give that answer. A man who writes but little may not know his own hand writing; and even men who write much are sometimes deceived by ingenious imitation.
But suppose the witness did leave it doubtful whether he attested the note or not; then it was competent for the plaintiff to introduce other evidence, to prove the hand writing both of the attesting witness and of the party. So, if the witness had denied his attestation, it might have been proved by other evidence. Whitaker v. Salisbury, 15 Pick. 534. Lemon v.Dean, 2 Campb. 636, note. Crabtree v. Clark, 7 Shepley, 337. Without therefore relying on the point, that as the witness was beyond the jurisdiction of the court, the plaintiff was not bound to produce him; and supposing the defendant’s position correct, that, having undertaken to offer the attesting witness, he was bound to the same course of proceeding as if the witness had been within the jurisdiction; the court are of opinion, that in like circumstances the plaintiff would have been entitled to offer the other evidence produced. One principal reason for requiring of the plaintiff the production of the attesting witness is, that the other party may have the benefit of cross examination This benefit the defendant had; and if the direct interrogatories were not sufficient to draw out all the facts supposed to be within the witness’s knowledge, the defendant had the opportunity of putting such others as he wished.
As to the statute of limitations, it does not seem to have been relied upon, by special notice, under the general issue, in nature of a special plea, although the plea, and notice of another de-fence, are set forth in the bill of exceptions. But supposing *470 this defence was rightly before the court, it was competent for the defendant to avoid it by proving either an attestation to the signature of the note by Warfield the surety, or by a payment by him within six years. We are not prepared to sanction the view taken in the argument for the plaintiff, that if a witness attest the signature of one promisor, and the note is after-wards signed by another promisor, this is an attested note, as to the latter. There would be great difficulty in holding this to be an attested note by the latter, within the statute of 1786, c. 52, § 5, which was in force when the note in question was executed. If it be said that he intended to adopt the attestation, to give it as an attested note, and thus prevent the operation of the statute, the correctness of that position may be tested by asking whether, if a promisor were in terms to say, 11 hereby sign the above as an attested note, meaning to waive the statute of limitations/ this would form a new exception to the statute ? But the fact of a payment, made by him within six years, was proved by competent evidence, and therefore it became immaterial to inquire whether the attestation applied to his signature, or not. Ilsley v. Jewett, 2 Met. 173.

Exceptions overruled